1  LAWRENCE DEAS (State Bar No. 100227)
   (pro hac vice application pending)
2  DEAS & DEAS, LLC
   353 N. Green Street
3  Tupelo, Mississippi 38804
   Telephone: (662) 842-4546
4  Facsimile: (662) 842-5449
   Lawrence@deaslawfirm.com
5
   JOSEPH BOLNICK (CA State Bar No. 93542)
6  SHAWNCOULSON
   1880 Century Park East, Suite 516
7  Los Angeles, California  90067-1605
   Telephone (310) 552-8233
8  Facsimile:  (310) 551-2301
   jsbjoey@gmail.com
9  Attorneys for Defendant PRESTIGE FURNITURE, LLC

10                    **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| 13  ZHEJIANG CHAIRMENG FURNITURE CO., LTD., a Chinese limited company; GUOZHI QIAO; VOGUE FURNITURE DIRECT INC., a California corporation, | CASE NO.: 2:14-CV-06339 PJW |
| 15              Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER ACTION** |
| 16  v. | |
| 17  PRESTIGE FURNITURE, LLC; and DOES 1 TO 10, | Judge:   Hon. Patrick J. Walsh |
| 18              Defendants. | Date:     November 6, 2014<br>Time:    11:00 a.m.<br>Court:    23 |

20

21

22

23

24

25

26

27

28

Defendant, Prestige Furniture, LLC ("Prestige") respectfully submits this Memorandum in Support of its Motion to Dismiss or, Alternatively, To Transfer Action (the "Action"), stating as follows:

## SUMMARY OF POSITION

Prestige avers that this action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) or, alternatively, transferred to the United States District Court for the Northern District of Mississippi, as venue is not proper in the Central District of California. Prestige is not subject to personal jurisdiction in this district, as it does not "reside" in California for the purposes of venue, nor do Plaintiffs' claims arise out of any acts or omissions occurring in California. Alternatively, Prestige requests the Court exercise its discretion to transfer this matter pursuant to 28 U.S.C. §1404, as such transfer would serve the ends of justice and convenience and would be consistent with the reasonable expectations of the parties.

## STATEMENT OF THE CASE

Prestige Furniture, LLC is a Mississippi limited liability company engaged in the marketing of furniture products manufactured abroad, primarily in Asia. Zhejiang Chairmeng Furniture Co., Ltd. ("Chairmeng") is a furniture manufacturer based in China; Guozhi Xiao is a principle of Chairmeng. In August 2013, Chairmeng and Prestige entered into an agreement under which Prestige was granted exclusive rights to market Chairmeng's products in North America (the "August 2013 Agreement"). The August 2013 Agreement contained a choice of law provision providing that the enterprise created would be "operated and maintained in the State of Mississippi" and that Mississippi law be applied to all disputes arising out of the contract. A copy of this agreement is attached as Exhibit "A".

After the execution of the August 2013 Agreement, Prestige marketed furniture produced by Chairmeng and placed orders with Chairmeng for fulfillment. Prestige's activities were conducted in Mississippi and all payments from Chairmeng to Prestige

were transmitted to Mississippi. As shipments of products made by Chairmeng began to arrive in the United States, however, problems with the products, including late shipments and manufacturing defects, became apparent. These issues led several customers to reject shipments or to demand credit for unsaleable merchandise. Prestige communicated these issues to Chairmeng, which withheld commissions from Prestige and began marketing directly to North American customers in violation of the August 2013 Agreement.

In response to Chairmeng's actions, Prestige demanded payment as agreed upon and that Chairmeng cease its efforts to circumvent the exclusivity provisions of the August 2013 Agreement. Chairmeng refused, leading Prestige to retain counsel in Mississippi, attempt to negotiate a resolution, and ultimately, threaten litigation. In the face of these threats, Chairmeng preemptively filed this lawsuit in the Central District of California, an improper venue having no connection to the matters at issue.

Prestige asserts that this lawsuit should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3), which allows dismissal of an action where it has been filed in an improper venue, or, alternatively, the transfer of the action in the interest of justice to an appropriate jurisdiction, here the Northern District of Mississippi, under 28 U.S.C. 1406(a). *See King v. Russell*, 963 F.2d, 1301, 1304 (9th Cir. 1992). As shown in the Affidavit of Murray Engle, attached hereto as Exhibit "B"; (1) none of the activities giving rise to Plaintiffs' alleged causes of action took place in the Central District of California; (2) Prestige does not "reside" in the Central District of California for the purposes of venue analysis; and (3) Plaintiffs cannot meet their burden to show venue is proper. As a further alternative Prestige requests, should the Court determine that venue is proper in the Central District of California, that the Court nonetheless transfer this matter to the Northern District of Mississippi under 28 U.S.C. §1404, as the balancing of the factors relevant to such a transfer weighs heavily in favor of litigating this matter in Mississippi.

# ARGUMENT

## I. Venue is not proper in this District.

Under the general venue statute, a plaintiff can file its lawsuit in: (1) a judicial district where a defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where an action might otherwise be brought, in any district where any defendant is subject to the court's personal jurisdiction. *See* 28 U.S.C. §1391. The burden is on the plaintiff to show that venue is proper. *Kelly v. Echols*, 2005 U.S. Dist. LEXIS 37325 at *29 (E.D. Cal 2005). Here, it is beyond cavil that this suit could have been properly brought in the Northern District of Mississippi, which is the location of the headquarters of the lone defendant, Prestige, and which is the location where all business between the parties transpired. Accordingly, the Court's analysis should focus on the first two prongs of the venue analysis – whether Prestige "resides" in the Central District of California or whether a substantial part of the events leading to Plaintiffs' claims occurred in this district. *See* 28 U.S.C. §1391(b)(1) and §1391(b)(2).

### A. Prestige does not "reside" in the Central District of California.

Venue under 28 U.S.C. §1391(b)(1) depends upon Prestige's residency as defined in §1391(c)(2), which defines residence in terms of personal jurisdiction. An entity "shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. §1391(c)(2). Under California law, personal jurisdiction is permitted to the extent allowed by the United States Constitution. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 (9th Cir. 1998). Therefore, in order for a court to exercise personal jurisdiction over a non-resident defendant, the defendant must have "minimum contacts" with the forum state such that permitting it to be sued there "does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S.

408, 414 (1984). A defendant is subject to general jurisdiction when its contacts are substantial and continuous enough to justify cases unrelated to those contacts. *Id.,* at 415 n.9. A defendant is subject to specific jurisdiction when the case arises out of the defendant's contacts with the forum state. *Hanson v. Denckla,* 357 U.S. 235, 251 (1958).

Under the Due Process Clause of the United States Constitution, general jurisdiction may be exercised only where the defendants' contacts with the forum state are continuous, substantial, or systematic. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006). These contacts must "approximate physical presence" in the state, which is a very high standard. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Here, there can be little dispute that Prestige does not have contacts with California that could meet this exacting test. Prestige has no offices or employees in the State of California, and conducts no continuous business in the state that might approximate physical presence here. General jurisdiction, accordingly, is not present.

Nor does specific jurisdiction exist in the case at bar. In order for specific jurisdiction to meet the requirements of due process: (1) the defendant in question must purposely direct action at the forum state and invoke the benefits and protections of its laws; (2) the claim at issue must arise from the defendant's contacts with the forum state; and (3) the exercise of jurisdiction must be reasonable. *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006). Prestige has not purposefully availed itself of the protections and benefits of California law, and Plaintiffs have not alleged otherwise. More importantly, and dispositive in this context, no claim brought by Plaintiffs can be shown to arise out of any contact Prestige might have had with California. This requirement can only be met where Plaintiffs' claims would not have arisen "but for" Prestige's contacts with California. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiffs Complaint, and

4
Memorandum in Support of Motion to Dismiss or Alternatively, Transfer

the record available to the Court, are devoid of <u>any</u> contact that Prestige may have had with California and cannot meet the specific and demanding test required for the exercise of personal jurisdiction over Prestige in this action.

Because there is no basis for the Court to exercise personal jurisdiction over Prestige, Prestige cannot "reside" in the Central District of California under 28 U.S.C. §1391(b)(1), and venue is not proper under that Code Section.

### B. No substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

Under 28 U.S.C. §1391(b)(2), venue is proper if "a substantial part of the events or omissions giving rise to the claims occurred" in the district where the suit is brought. *Myers v. Barnett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Plaintiffs' Complaint alleges no activities, events or omissions that occurred in the Central District of California, and for good reason – there are none. The contract at issue was negotiated between parties in China and Mississippi. Likewise, all business dealings between Chairmeng and Prestige involved parties located in China and Mississippi, respectively. The parties did not meet in California, nor was California the "place of intended performance" of the August 2013 Agreement, which specifically contemplated that Prestige would conduct its marketing activities from its Mississippi base and that Chairmeng would manufacture goods at factories in China. Crucially, in an breach of contract case such as this one, the "claim usually arises for the purposes of §1391(b)(2) in the 'place of intended performance'". *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). Plainly, Plaintiffs cannot meet the requirements to show venue is appropriate in this district under §1391(b)(2) and, accordingly, have failed to establish that this suit may properly proceed here. Prestige submits that, as a consequence, this case should be dismissed or, alternatively, transferred to the Northern District of Mississippi.

## II. Alternatively, this matter should be transferred to the Northern District of Mississippi pursuant to 28 U.S.C. §1404.

While Prestige avers that venue is improper in this district and that this matter, for that reason, may not be maintained in the Central District of California, should the Court find venue to be appropriate, Prestige submits that transfer of the case to the Northern District of Mississippi pursuant to §28 U.S.C. §1404 would serve the interests of justice and convenience. The Court has the discretion to order such a transfer "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prod., Inc. v. Kimberly-Clark Worldwide, Inc.* 2013 U.S. Dist. LEXIS 12690 at *5 (W.D. Wash. 2013). The Ninth Circuit utilizes a balancing test to determine whether transfer is appropriate under §1404. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The following factors are considered:

### A. The Location Where Agreements Were Negotiated and Signed

The August 2013 Agreement was negotiated and executed in Mississippi and China and has no connection to the Central District of California. To the extent it is relevant to the analysis, this factor favors transfer.

### B. The State Most Familiar with Governing Law

This factor also favors transfer. The enterprise formed by the agreement is located in Mississippi, and Mississippi law applies to Plaintiffs' claims per the terms of the agreement. *See* Exhibit 1; *see also Silver Valley Partners, LLC v. De Motte*, 2006 U.S. Dist. LEXIS 67745 at *15 (W.D. Wash. 2006) ("The fact that the parties specifically selected Idaho law … favors transfer to Idaho.).

### C. Plaintiff's Choice of Forum

While a plaintiff's choice of forum is typically given some deference, courts are hesitant to defer to a plaintiff's choice of forum when the case lacks strong ties to the district in which the case was filed. *See Pedigo Prod. Inc.*, *supra* at *7. Such is the

1  case here, where no discernable connection between Plaintiffs' claims and this district
2  have been shown, or even suggested.

   D.  Respective Parties' Contacts With the Forum

   As previously discussed, Prestige has had no substantial contacts with this district that would support the retention of this case by the Court. To the contrary, both Prestige and Plaintiffs' have strong ties to Mississippi, which was the locus of the August 2013 Agreement, and which Qiao, Chairmeng and Prestige agreed would be the location of their business dealings.

   E.  Contacts Relating To The Plaintiff's Cause Of Action In The Chosen Forum

   This factor weighs strongly in favor of transfer, as no contacts related to the causes of action at issue have been identified by Plaintiffs.

   F.  Differences In Costs of Litigation Between the Two Forums

   This factor is neutral, as the costs of litigation in either venue are not substantially dissimilar.

   G.  Availability of Compulsory Process For Non-Party Witnesses

   This factor is also neutral, as the claims at issue will largely involve party witnesses, as opposed to non-party witness. Any non-party witnesses that might be required would be equally available, or unavailable, to the parties in either this Court or the Mississippi district court.

   H.  Ease of Access To Proof

   This factor is likewise neutral. The proof in this case is likely to be easily transferred between the parties without regard to where the matter is pending.

   I.  Public Policy Considerations of the Forum State

   This factor weighs in favor of transfer. This litigation is a dispute between parties to a contract, none of which are California citizens. Further, California has no

localized interest in the dispute, nor did any of the alleged acts that underlie the Plaintiffs' claims occur in California.

In examining the above factors, it becomes apparent that few compelling reasons exist to permit this case to remain in the Central District of California, which has no obvious connection to the claims at issue or the parties to the agreement in dispute. Transfer of this action to the Northern District of Mississippi would serve the interest of justice and convenience, and would be consistent with the reasonable expectations of the parties to the August 2013 Agreement, each of which expressly recognized and agreed that any dispute between them would be decided pursuant to the laws of the State of Mississippi. Prestige respectfully submits that, should the Court determine that Prestige's 12(b)(3) motion is not well-taken, the Court should exercise its discretion under 28 U.S.C. 1404 and transfer this matter to the United States District Court for the Northern District of Mississippi.

### III. CONCLUSION

For the foregoing reasons, Prestige submits that this matter should be dismissed on the grounds of improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or, alternatively, transferred to the United States District Court for the Northern District of Mississippi.

Dated: October 6, 2014                                    SHAWNCOULSON

    /s/ Joseph S. Bolnick_____
JOSEPH S. BOLNICK
Attorney for Defendant
Prestige Furniture LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and that I have mailed by United States mail and/or electronically transmitted the document to non-ECF participants. The following is a list of counsel to which I have served notice of this document by one of the above means:

Steven P. Chang, Esq.
schang@spclawoffice.com
Heidi Cheng, Esq.
heidi@spclawoffice.com
Law Offices of Steven B. Chang
801 South Garfield Avenue, Suite B
Alhambra, CA  91801

/s/Joseph S. Bolnick