1  LAWRENCE DEAS (State Bar No. 100227)
   DEAS & DEAS, LLC
2  353 N. Green Street
   Tupelo, Mississippi 38804
3  Telephone: (662) 842-4546
   Facsimile: (662) 842-5449
4  Lawrence@deaslawfirm.com

5  JOSEPH BOLNICK (Cal. State Bar No. 93542)
   SHAWNCOULSON
6  1880 Century Park East, Suite 516
   Los Angeles, California  90067-1605
7  Telephone (310) 552-8233
   Facsimile:  (310) 551-2301
8  jsbjoey@gmail.com
   Attorneys for Defendants PRESTIGE FURNITURE, LLC
9

10                   UNITED STATES DISTRICT COURT

11         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  ZHEJIANG CHAIRMENG FURNITURE    CASE NO.: 2:14-CV-06339
    CO., LTD., a Chinese limited company;
14  GUOZHI QIAO; VOGUE FURNITURE    Declaration of Murray Engle in support of
    DIRECT INC., a California corporation,   *Motion   to   Dismiss   Complaint   or,*
15                                  *Alternatively, Transfer Action*
                Plaintiff,
16
    v.
17
    PRESTIGE FURNITURE, LLC; and
18  DOES 1 TO 10,

19              Defendants.

20

21

22      I, MURRAY ENGLE, do declare and state the following:

23  1.      My name Murray Engle.  I am over the age of twenty-one and in all other

24  respects competent to make this declaration, which is made based on my personal

25  knowledge.  I am the Manager of Prestige Furniture, LLC ("Prestige"), which is a

26  Mississippi Limited Liability Company with its primary place of business located in

27  Tupelo, Mississippi.

28

C:\Users\Lawrence\Documents\Declaration of Murray Engle.doc          1

EXHIBIT
**B**

2.      In July and August of 2013, I negotiated on behalf of Prestige an agreement with Guozhi Qiao, a Chinese businessman who runs a furniture company named Zhejiang Chairmeng Furniture Co., Ltd. ("Chairmeng'). The only parties to that agreement were Prestige, Chairmeng and Mr. Qiao.  Vogue Furniture Direct, Inc. was not a party to the agreement, and, to the best of my knowledge, is a company owned by Chairmeng or its principles that began operations after the agreement between Chairmeng and Prestige had been executed.

3.      Under the terms of the agreement between Prestige and Chairmeng, Prestige was given the exclusive rights to sell Chairmeng's products in North America and was to receive both periodic payments and commissions on goods sold.

4.      All negotiations between Prestige and Chairmeng related to the contract between the companies were conducted between me and Mr. Qiao, either by email and telephone while I was in the United States or in person when I was in China. None of the negotiations took place in the State of California.  The contract was executed by me in Mississippi and by Mr. Qiao in China.

5.      Prestige has never had any employees in the State of California nor any facilities located in the State of California and has never registered to do business in the State of California or assigned an agent for service of process in that state. Prestige does not currently and has not in the past engaged in continuous business activities in the State of California.

6.      After the agreement between Prestige and Chairmeng was executed, Prestige marketed Chairmeng's goods in the North American market and secured a number of orders that were sent to Chairmeng for production.  When the orders arrived in the United States, they were often late and had serious manufacturing defects.  This caused certain customers to refuse to pay for the goods or to demand credit for the goods that were too damaged or defective to be sold.

7.      I informed Mr. Qiao of the quality and shipment issues raised by the customers. In response, Chairmeng refused to pay commissions that were outstanding, leading to

a deterioration of the relationship between Chairmeng and Prestige. Eventually, after trying unsuccessfully to negotiate a resolution in person with Mr. Qiao during a trip to China, I requested our attorney in Mississippi make a formal demand on Chairmeng for payment of the amounts due to Prestige under the threat of litigation if such amounts were not remitted. Soon after that demand was made, and without providing any response, Chairmeng, Qiao and Vogue Furniture Direct, Inc. filed a lawsuit against Prestige in California.

I declare under penalty of perjury, under the laws of the states of California and Florida, and under federal law, that the foregoing is true and correct.

Executed this 6th day of October, 2014, in *NAPLE*, Florida.